UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE MICHAEL LUNA, § <br> TDCJ No. 999509, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL NO. SA-15-CA-451-XR <br><br> * DEATH PENALTY CASE * |

## ORDER

Pending before the Court are Petitioner Joe Michael Luna's Motion for Authorization to Conduct Discovery and Deposition (Dkt. No. 43), Respondent's opposition (Dkt. No. 44), and Petitioner's reply thereto (Dkt. No. 45), as well as Petitioner's Memorandum Regarding Supplemental Authority (Dkt. No. 46). Petitioner requests permission to (1) conduct discovery to support Claim X raised in his amended petition for federal habeas corpus relief, and (2) depose his state habeas counsel regarding counsel's reasons for not raising certain claims, including Claim X, during Petitioner's state habeas proceedings. After carefully considering the state court record and the pleadings submitted by both parties, the Court denies the requested relief.

## Analysis

Rule 6(a) of the Rules Governing Section 2254 Proceedings provides that a party may conduct discovery if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so. "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.

2000). But before authorizing discovery, the Court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotation marks omitted). In that regard, a petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Murphy*, 205 F.3d at 814. "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

**A.    Request for Records to Support Claim X**

Petitioner first requests discovery to help support Claim X of his amended federal habeas petition, which alleges trial counsel was ineffective for failing to investigate and impeach prosecution witness Raymond Valero regarding his alleged membership in the Mexican Mafia street gang. Valero met Petitioner while they were incarcerated at the Bexar County Adult Detention Facility (BCADF), and testified that Petitioner confessed many crimes and criminal plans to him during their incarceration together, including the underlying murder and Petitioner's plan to escape during trial by using the judge as a "human shield." In his amended petition, Petitioner argues Valero embellished his testimony at trial and asserts trial counsel was ineffective on cross-examination by only insinuating that Valero was lying about his gang membership instead of impeaching him on the issue. To support this claim, Petitioner now seeks documentation that reflects Valero's gang membership from the following entities: (1) the BCADF; (2) the Bexar County District Attorney's Office; (3) the Bexar County Adult Probation Department; and (4) the Texas Department of Criminal Justice.

Petitioner has not established a *prima facie* claim for relief and thus has not demonstrated good cause for this expansive discovery request. In addition to being unexhausted and

procedurally defaulted, Petitioner's allegation on its face does not meet either prong of the *Strickland*[1] analysis required to establish a *prima facie* claim. To start, Petitioner fails to explain what part of Valero's testimony was embellished or made up, much less how the discovery of his gang membership would have assisted counsel in impeaching such testimony. The record in this case shows that counsel thoroughly cross-examined Valero on his alleged gang membership, his drug addiction and numerous felony convictions for theft and drug possession, and the fact that he received a reduced sentence in exchange for his testimony in Petitioner's case. Petitioner does not explain how affirmative evidence of Valero's gang membership, if it existed, would have impeached Valero's credibility any more than counsel already did during cross-examination.

Moreover, even assuming counsel was deficient in failing to discover evidence of Valero's gang membership, Petitioner fails to demonstrate that the results of the proceeding would have been different had counsel discovered such evidence. *Strickland*, 466 U.S. at 694 (finding that, in order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). As the record demonstrates, Valero's testimony was a small part of the State's overwhelming evidence of Petitioner's future dangerousness which established Petitioner's extensive criminal history and inability to reform his conduct while incarcerated. In addition, the jury heard testimony concerning the heinous nature of the capital murder for which Petitioner pled guilty, including from Petitioner himself, who agreed he indeed was a future danger to society. Thus, there is no merit to Petitioner's bald assertion that the results of the punishment phase would have been different had counsel impeached Valero's testimony more thoroughly with evidence of his gang membership.

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In sum, Petitioner has not provided specific facts showing that, if the proposed discovery were allowed, he would be entitled to relief on his ineffective-assistance claim. Petitioner's speculative and conclusory assertions therefore fall short of the showing of good cause necessary to permit discovery under Rule 6. As Petitioner's claim is patently meritless and the record before the Court is more than sufficient to adjudicate the merits of the allegation, additional discovery is unwarranted.

B.     **Request to Depose State Habeas Counsel**

Petitioner next moves for authorization to depose his state habeas counsel, Michael Gross. Having previously acknowledged that several of the claims raised in his current amended federal petition were not raised in state court, Petitioner argued Mr. Gross was ineffective in failing to raise the allegations during Petitioner's state habeas proceedings. Petitioner now wishes to depose Mr. Gross on the reasons *why* he did not raise the issues in question in order to establish cause under *Martinez*[2] to excuse the procedural default of the claims in federal court. This request is denied.

It is well-established that federal review of a procedurally barred claim is permitted only when a petitioner is able to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). Under *Martinez*, a petitioner may meet the cause element by showing "(1) that his claim of ineffective assistance of counsel at trial is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). Petitioner now wishes to "develop the record to ascertain why [Mr. Gross] defaulted those claims" in order to evaluate whether state habeas counsel was ineffective under *Martinez*. But *Martinez* did not create any independent

---
[2]     *Martinez v. Ryan*, 566 U.S. 1 (2012).

right to factual development. *Crutsinger v. Stephens*, 576 Fed. Appx. 422, 431 (5th Cir. 2014). Even after *Martinez*, a petitioner must show good cause in order to be entitled to discovery; otherwise, discovery requests similar to the one Petitioner is now making would be required for every petitioner who raises an unexhausted claim and argues *Martinez* should apply. *See Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016) (finding no affirmative right to additional fact-finding to establish cause and prejudice under *Martinez*).

Here, Petitioner has not established good cause to depose state habeas counsel. Although counsel's reasons for not raising certain claims could arguably be helpful for determining whether he was ineffective, they are irrelevant for determining whether a claim is substantial or whether Petitioner was prejudiced by counsel's failure to raise the issue—both of which are required in order to excuse a procedural default. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (requiring an inmate alleging ineffective assistance of appellate counsel to "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal"); *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006) (same). Because the record is more than adequate to determine the substantiality of the defaulted claims and whether Petitioner was prejudiced by counsel's failure to raise them, an inquiry into counsel's thought process is simply unnecessary.

Furthermore, Petitioner's contention that state habeas counsel was ineffective stems from counsel's failure to raise each of the unexhausted claims now presented in the amended federal habeas petition. But this Court has already determined that state habeas counsel was not ineffective simply because Petitioner's current counsel has identified additional issues that could have been raised first in state court. *See* Dkt. No. 41 at 2 (denying Petitioner's request for stay and abatement). Counsel was only obligated to raise allegations he believed had the best chance

of success. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983); *see also Vasquez v. Stephens*, 597 Fed. Appx. 775, 780 (5th Cir. 2015) (finding state habeas counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."). The state habeas record indicates that Mr. Gross did just that, raising numerous well-briefed claims for relief in a lengthy state habeas application supported by 300 pages of exhibits. As such, Petitioner has not established good cause to depose counsel.

## Conclusion

In order to be entitled to discovery, a petitioner must establish that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09. Petitioner has not made this showing, nor established good cause for granting his discovery requests. As the record is more than sufficient to adjudicate the issues in this case, it is therefore **ORDERED** that the Motion for Authorization to Conduct Discovery and Deposition (Dkt. No. 43) filed by Petitioner on December 4, 2017, is **DENIED**.

**SIGNED this 8th day of May, 2018.**

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE